IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS A. CAPRELLA,

                       Plaintiff,                    Case No. 3:07 CV 229

     -vs-

                                                   MEMORANDUM   OPINION

CSX TRANSPORTATION, INC.,

                       Defendant.

KATZ, J.

This matter is before the Court on the motion of Defendant CSX Transportation, Inc. (CSXT) for summary judgment on the basis of judicial estoppel. (Doc. 55). For the reasons that follow, Defendant's motion will be granted.

**I. Background**

Plaintiff Thomas Caprella filed this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, against CSXT on January 26, 2007, claiming that he sustained injuries and damages as a result of CSXT's negligence, and seeking damages. Then, on September 12, 2008, Plaintiff and his wife filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 12, 2008 in the United States Bankruptcy Court, Northern District of Ohio. As part of the bankruptcy petition, which he submitted under oath, Plaintiff was required to list all suits to which he was a party. (Doc. 55, Exh. A). Plaintiff, however, failed to disclose this lawsuit, and he never amended his petition or any other documents associated with his Chapter 7 Bankruptcy. A discharge of Plaintiff's debt was granted on January 16, 2009.  (Doc. 55, Exh. D).

**II. Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).

**III. Discussion**

The doctrine of judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990).

Disclosure obligations in bankruptcy proceedings are important enough to support invocation of judicial estoppel, as "[t]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *In re Colvin*, 288 B.R. 477, 481 (Bkrtcy. E.D. Mich. 2003). The Bankruptcy Code requires a debtor to file a "schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs," 11 U.S.C. §521(1), and it is "well-settled that a cause of action is an asset that must be scheduled under §521." *Lewis v.*

*Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005). Thus, "[p]ursuing a cause of action not disclosed as an asset in a bankruptcy proceeding creates an inconsistency sufficient to support consideration of judicial estoppel, as the debtor has already asserted the position that no such claim exists." *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898 (6th Cir. 2004).

Both of the elements of judicial estoppel have been met in the present case. It is conceded that Plaintiff did not disclose this lawsuit on his bankruptcy petition. Furthermore, the Bankruptcy Court "adopted" Plaintiff's representation that he was not pursuing this lawsuit as part of its order discharging his debt. *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988). Additionally, Plaintiff does not contend that his failure to disclose this lawsuit was a result of mistake or inadvertence. See *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2003).[1]

Therefore, the Court grants Defendant's motion for summary judgment.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE

---

[1] In opposing Defendant's summary judgment motion, Plaintiff relies primarily on the Seventh Circuit's decision in *Biesek v. Soo Line R. Co.*, 440 F.3d. 410 (7th Cir. 2006). In his opinion in *Biesek*, Judge Easterbrook questioned the theoretical underpinnings of the judicial estoppel doctrine, as applied in bankruptcy proceedings, on the ground that the true party in interest in pre-bankruptcy claims is the Trustee, who acts on behalf of the creditors, and not the debtor himself. Therefore, the true "victims of bankruptcy fraud" are the creditors, who should be permitted to recover the assets concealed by the debtor. *Id*. at 413. Thus, in cases such as the one at bar, Judge Easterbrook proposes that "[i]nstead of vaporizing assets that could be used for the creditors' benefit, district judges should discourage bankruptcy fraud by revoking the debtors' discharges and referring them to the United States Attorney for criminal prosecution." *Id*. Understandably, Plaintiff has not suggested that this Court today proceed along those lines.